IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

COREY L. BRACKEN,

        Plaintiff,

v.

FLORIDA LEAGUE OF CITIES,
CITY OF JASPER FLORIDA, JASPER POLICE
DEPARTMENT, AXON CORPORATION, LOVES
TRAVEL CENTERS,

        Defendants.

Case No. 1:19-cv-00602-CL

**ORDER**

CLARKE, Magistrate Judge.

Plaintiff Corey L. Bracken seeks to proceed *in forma pauperis* ("IFP") in this action. For the reasons stated below, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile a First Amended Complaint within thirty days of this ruling. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed. Plaintiff's request for Pro Bono Counsel is denied. Plaintiff's request that this case be sealed is denied.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before the service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

Pro se pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). That is, the court should construe pleadings by pro se plaintiffs liberally and afford the plaintiffs the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Additionally, a pro se litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

### 1. Plaintiff's Complaint is dismissed for lack of personal jurisdiction.

Even assuming the allegations in the Complaint state a plausible claim for relief, the Complaint does not adequately state the basis for this Court to exercise personal jurisdiction over the defendants. If Plaintiff files an amended complaint, he must cure this deficiency to avoid dismissal, as discussed below.

Where, as here, there is no federal statute governing personal jurisdiction, the law of the state in which the Court sits applies. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir.2011); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir.1998). Oregon's long arm statute, Oregon Rule of Civil Procedure ("ORCP") 4, extends personal jurisdiction to the extent permitted by federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990); *Tech Heads, Inc. v. Desktop Serv. Ctr., Inc.*, 105 F. Supp. 2d 1142, 1144 (D. Or. 2000).

Federal due process requires that a nonresident defendant have "certain minimum contacts" with the forum state of such a nature that the exercise of personal jurisdiction "does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement*, 326 U.S. 310, 316 (1945)

(quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). This constitutional test may be satisfied by showing that (1) the defendant has "substantial" or "continuous and systematic" contacts with the forum state—i.e. "general jurisdiction," or (2) there is a strong relationship between the defendant's forum contacts and the cause of action—i.e. "specific jurisdiction." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir.1986). *See also Ziegler v. Indian River County*, 64 F.3d 470, 473 (9th Cir.1995).

In order for the court to exercise specific jurisdiction, the lawsuit "must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–473 (1985); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). In other words, there must be "an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846 (internal quotation marks and brackets omitted). For this reason, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks omitted).

In this case, Plaintiff identifies the defendants as Florida League of Cities, the City of Jasper in Florida, the City of Jasper Police Department, Axon Corporation, and Loves Travel Center. Plaintiff does not indicate where the corporate defendants are incorporated or where their principal places of business are located, but it seems that all defendants are "non-residents" of Oregon and therefore the Court lacks general jurisdiction over the defendants. Thus, Plaintiff must demonstrate that the Court has specific personal jurisdiction by showing that there is a strong relationship between his claims and the defendants' contacts with the State of Oregon.

Plaintiff claims that he was wrongfully arrested, detained, assaulted, and wrongfully tased on October 19, 2018. He does not allege that any of the facts in the Complaint took place in Oregon or explain why this case should be brought in Oregon. Plaintiff does not state where the allegedly wrongful arrest took place, but based on statements in the complaint about the actions of law enforcement officials employed in the state of Florida it seems that the events complained of took place in Florida. Therefore, Plaintiff has failed to allege sufficient facts for the Court to exercise personal jurisdiction over the defendants. If he is unable to allege such facts in an amended complaint, Plaintiff must bring his claims in a court that does have personal jurisdiction – i.e., a court in the State of Florida.

**2. Plaintiff's request for pro bono counsel is denied.**

Generally, there is no constitutional right to counsel in a civil case. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir.1986). However, pursuant to 28 U.S.C. § 1915(e), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional circumstances. *Id.*; *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990). While this court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment. *Mallard v. U.S. Dist. Court of Iowa*, 490 U.S. 296, 301-08 (1989).

Plaintiff did not file an official motion for appointment of counsel, but did ask for the Court to appoint counsel in his Complaint. The Court has reviewed Plaintiff's request and does not find the exceptional circumstances that would warrant appointment of counsel. The Court understands the difficulty of proceeding as a self-represented litigant, however, and will take a close look at the record and filings in this case, including all of the evidence submitted by the parties, and any briefs and arguments submitted by Plaintiff. The Court will also consider

extending deadlines, if that would assist the Plaintiff. He should contact the Court in writing to request such an extension.

Finally, Plaintiff may request a form for an application for CM/ECF Registration, which would allow him to file documents with the Court electronically. Many self-represented litigants find this to be more efficient and convenient than filing by mail or in person. The form, as well as other information about proceeding as a self-represented litigant can also be found on the Court's website: <https://ord.uscourts.gov/index.php/2015-02-10-16-10-22/information-about-representing-yourself>.

### 3. Plaintiff's request for the case to be sealed is denied.

Historically, courts have recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (*quoting Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). This right is justified by the interest of citizens in "keep[ing] a watchful eye on the workings of public agencies." Id. at 598. Such vigilance is aided by the efforts of newspapers to "publish information concerning the operation of government." Id. Unless a particular court record is one "traditionally kept secret,"[1] a "strong presumption in favor of access" is the starting point. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir.1995)).

Where the party seeks to seal case files in their entirety, as Plaintiff requests here, courts have required that party to meet the high threshold of showing that "compelling reasons" support the need for secrecy. *See In re Crownover*, 2015 U.S. Dist. LEXIS 1645, at *2 (N.D. Cal. Jan 7,

---

[1] Ninth Circuit case law has identified two categories of documents that fall in this category: grand jury transcripts and warrant materials in the midst of a pre-indictment investigation. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989). Neither applies in this case.

Page 6 – ORDER

2015) (applying compelling reasons standard to motion to seal entire case); *Blow v. Bureau of Prisons*, 2010 U.S. Dist. LEXIS 20949, at *1 (E.D. Cal. Feb. 12, 2010) (stating that to seal an entire case file, "the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."). Under this standard, the party must "articulate[ ] compelling reasons supported by specific factual findings," *id.* (*citing San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102–03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the "'public interest in understanding the judicial process.'" *Hagestad*, 49 F.3d at 1434 (quoting *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135.

In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598; accord *Valley Broadcasting Co. v. U.S. Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986). The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Foltz*, 331 F.3d at 1136.

In this case, Plaintiff requested that the case be sealed "from public knowledge and view per reasons of privacy of all participants as the fruition of these matters set forth shall prevail." Complaint at 9 (#1). The Court has reviewed the Complaint for personal information that may be inappropriate for public disclosure and found no such information. The desire for privacy is not a

compelling reason sufficient to outweigh the public's interest in disclosure. Therefore, Plaintiff's request to seal the case is denied.

## ORDER

Based on the foregoing, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile an Amended Complaint within thirty days of this ruling. Plaintiff must cure the deficiencies identified above or his case will be dismissed. Additionally, Plaintiff's requests for appointment of pro bono counsel and to seal the case are both denied. Plaintiff's IFP application (#2) is held in abeyance and will be considered when the amended complaint is filed.

ORDERED and DATED this 24 day of April, 2019.

MARK D. CLARKE
United States Magistrate Judge